**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANGEL SOUL SEMPRON-CASANOVA,

Petitioner,

v. Case No. 3:26-cv-1763-MMH-PDB

SHERIFF SCOTTY RHODEN and
U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner Angel Soul Sempron-Casanova, a native of Venezuela, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on July 9, 2026. See Petition at 1. He is currently being held by U.S. Immigration and Customs Enforcement (ICE) at the Central Louisiana ICE Processing Center. Notice of Custody Status (Doc. 7) at 1. ICE initially detained Sempron-Casanova on October 7, 2024. Record of Deportable/Inadmissible Alien (Doc. 3-1) at 2. An immigration judge ordered him removed on October 31, 2024. See Order of the Immigration Judge (Doc. 3-2) at 1, 3. On December 6, 2024, ICE released Sempron-Casanova on an order of supervision. See Detention History (Doc. 3-4; Detention History) at 1. ICE re-detained him on June 24, 2026. See id. Sempron-Casanova argues

that he has been detained beyond the removal period, and ICE is unlikely to remove him in the near future. See Petition at 6–7, 9. As relief, he seeks immediate release from custody. Id. at 7.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

In this case, the Court finds that the presumptively reasonable six-month period had not expired when Sempron-Casanova filed the Petition. See generally Petition. Courts have used various methods to calculate the six-month period. Some courts have considered in the aggregate all periods of detention following an order of removal, regardless of whether the periods of detention were consecutive. See Jaranow v. Bondi, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026) (collecting cases from the Ninth Circuit that "have found that the six-month period of detention need not be consecutive to reach the limit established in Zadvydas"); Patel v. Bondi, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"—not just the current length of detention). Other courts have not—instead they have determined that each period of detention restarts the removal-period clock. See Barrios v. Ripa, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals"); Liu v. Carter, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order

is again detained by ICE."). Still other courts appear to have determined that the presumptively reasonable six-month period includes the 90-day statutory removal period and the 90-days immediately thereafter and expires once that time has run. See Beltran v. Ripa, No. 2:25-cv-01174-SPC-NPM, 2026 WL 21252, at *2 (M.D. Fla. Jan. 5, 2026).

The Court is not persuaded that the presumptively reasonable period of detention restarts with each new detention in every circumstance. Instead, the Court determines that once an individual has been detained for more than six consecutive months after his final order of removal is entered, he has met the first prong of the Zadvydas test. Here, because Sempron-Casanova had not been detained for six consecutive months before he filed this case, his claim under Zadvydas was not yet ripe. Compare Detention History at 1 (reflecting that ICE detained Sempron-Casanova on June 24, 2026) with Petition at 1 (reflecting that Sempron-Casanova filed the Petition on July 9, 2026). Thus, his claim is due to be dismissed.

When Sempron-Casanova's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Sempron-Casanova must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Sempron-Casanova must use the form approved for use in the Middle District of Florida.

See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send a blank § 2241 habeas petition form and a copy of this order to the addresses provided below.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

Angel Soul Sempron-Casanova, A243112801
Central Louisiana ICE Processing Center
1133 Hampton Dupre Road
Pine Prairie, LA 70576

Angel Soul Sempron-Casanova, A243112801
Central Louisiana ICE Processing Center
830 Pinehill Road
Jena, LA 71342